UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | CV17-4735-CAS(PLAx) | Date | August 15, 2017 |
|---|---|---|---|
| Title | ANTHONY OLIVER v. SCRAM OF CALIFORNIA, INC.; ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                           Not Present

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION TO APPOINT THE PLAINTIFF COUNSEL (Filed July 21, 2017, dkt. 12)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; CD. Cal. L.R. 7–15. Accordingly, the hearing date of August 21, 2017 is vacated, and the matter is hereby taken under submission.

On June 27, 2017, plaintiff Anthony Oliver ("plaintiff") filed a complaint *pro se* against defendants Scram of California, Inc., Alcohol Monitoring Systems, and Does 1-10, asserting claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. and California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. Dkt. 1. On June 30, 2017, the Court granted plaintiff leave to proceed *in forma pauperis*. Dkt. 8. On July 22, 2017, plaintiff filed a first amended complaint, adding as defendants Edmund G. Brown, Jr. and Xavier Becerra in their respective individual capacities as Governor and Attorney General of the State of California. Dkt. 19. The amended complaint asserted two additional claims under 42 U.S.C. § 1983 and requested injunctive relief. Id. dkt. 19. Pending before this Court is plaintiff's motion, filed July 21, 2017, requesting that this Court appoint counsel to represent him pursuant to 28 U.S.C. § 1915(e)(1). Dkt. 12.

"[I]t is well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). However, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This statute does not authorize courts to require counsel to represent such litigants, but only to request representation on a *pro bono* basis. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989). An appointment of counsel may be designated under § 1915(e)(1) only in "exceptional circumstances." Wilborn v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | CV17-4735-CAS(PLAx) | Date | August 15, 2017 |
|---|---|---|---|
| Title | ANTHONY OLIVER v. SCRAM OF CALIFORNIA, INC.; ET AL. | | |

Escaleron, 789 F.2d 1328, 1331 (9th Cir. 1986). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

    At this point in the proceedings, the Court is unable to make a determination that plaintiff is likely to succeed on the merits of his claims. Defendants have not yet filed an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure.[1] However, based on the present record, plaintiff's claims are not complex, and plaintiff has thus far been able to articulate his claims *pro se*. Based on these considerations, the Court does not find the requisite exceptional circumstances exist in this case to warrant appointment of counsel at this time.

    In accordance with the foregoing, plaintiff's request for appointment of counsel is DENIED without prejudice.

    IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1]     In a related case, Hansen v. Scram of California, Inc., No. 2:17-cv-01474-CAS(PLAx) (C.D. Cal. Apr. 28, 2017), the Court granted defendants' Rule 12(b)(6) motion and dismissed the plaintiffs' claims without prejudice. Id. at *6.